Cheshire
No. 86-092

# The State of New Hampshire

v.

# Wayne Cofske

March 5, 1987

*Stephen E. Merrill,* attorney general (*Barbara R. Keshen,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The defendant appeals his conviction in superior court for second degree assault. He alleges that his right to equal protection of the laws was violated by the denial by the Trial Court (*Contas,* J.) of his motion for a free transcript of the competency hearing of a State's witness. We reverse the conviction and remand for a new trial.

Sometime after 11:00 p.m. on October 27, 1984, Wayne Cofske was drinking with friends at Pelto's Barn, a dance hall in Troy, when he was approached by David Hill. Hill knelt down by Cofske's chair and rebuked him for allegedly verbally abusing a woman a month earlier. Cofske and Hill then left Pelto's in Cofske's father's pick-up truck to find a place to resolve their altercation physically. After driving a few hundred yards, Cofske stopped the truck. Both men exited. According to Hill's testimony, Cofske put his arm over the back of the truck before confronting him at the front of the vehicle. Hill said he heard a noise from behind, turned to his right, and caught a glimpse of an object coming at his head which he thought was a jack. Dazed by the blow, Hill fell to his knees and was struck again. He then lost consciousness. After unsuccessfully trying to revive Hill, Cofske returned to Pelto's for help. Eventually, Hill was taken to the hospital where he was treated for multiple head injuries including a fractured jaw.

Cofske's first trial ended in a mistrial after the issue of Hill's competency to testify was raised. A competency hearing was then held, at which Hill, two doctors, and a police officer testified. The first Trial Court (*O'Neil,* J.) ruled that the issues raised concerning Hill's competency went to the weight, and not the admissibility, of his testimony. In August, 1985, the defendant filed a motion requesting a transcript of Hill's testimony at the competency hearing, which motion was denied. A motion for reconsideration of this request was denied in early September, 1985. In December, 1985, the defendant was tried, convicted, and sentenced to 2 1/2 to 5 years in the New Hampshire State Prison. This appeal followed. Because we have concluded that no State constitutional issue has been adequately preserved for appeal, *see State v. Dellorfano,* 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986), we proceed directly to the federal issue.

■ In *State v. Shute*, 122 N.H. 498, 504, 446 A.2d 1162, 1164 (1982), this court noted that a transcript of a prior proceeding can be "extremely valuable" to a criminal defendant in cases where it might be used to impeach prosecution testimony. The right to a transcript is not absolute, however, but depends upon: (1) the value of the transcript to the defendant, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). We now proceed to analyze the defendant's claim in the light of both of these factors.

In the instant case, the defendant alleged in his motion that the transcript of the competency hearing would enable him to identify specific instances of inconsistency in the victim's testimony. Under such circumstances, the failure of the trial court to grant such a motion constitutes reversible error.

■ We reject the argument advanced by the State that the transcript was rightfully denied in this case because the trial judge would have been called upon to "speculate" as to the need for the transcript for impeachment purposes. Defense counsel need not be clairvoyant in delineating specific need:

> "Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. . . . [E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device . . . *and as a tool at the trial itself for the impeachment of prosecution witnesses.*"

*Britt v. North Carolina*, 404 U.S. at 228 (emphasis added). Thus, an accused may not "be refused a transcript simply because his lawyer is unable to articulate the very subtleties which might be buried in the document he seeks." *Id.* at 234 (Douglas, J., dissenting) (citing *Hardy v. United States*, 375 U.S. 277 (1964)).

■ In the instant case, an inconsistency between the victim's testimony at the competency hearing and his trial testimony actually did occur. At the hearing on competency, the victim testified that *before* the defendant got into the truck outside the dance hall, the defendant walked around to the back of the truck, reached inside and grabbed something which the victim heard clank against the truck. At trial, however, the victim testified that the defendant retrieved a three-foot-long bar-like object from the rear of the truck *after* driving two or three hundred yards to the place where the incident took place. Granted, this may not amount to an inconsist-

ency of gross proportions. Because the credibility and recollection of the victim were central issues in this case, however, we think that the transcript of the competency hearing is a valuable tool with which defense counsel should have been allowed to impugn that credibility and recollection.

██ For purposes of this analysis, the fact that the transcript was of a prior competency hearing rather than a plenary trial is not important. Our inquiry does not concern the label given the earlier proceeding, but the prospect that an inconsistency exists in a witness's sworn testimony. We thus reject the State's argument that the transcript of the competency hearing is not a basic tool of the defense in this case.

██ A defendant does not bear the burden of proving inadequate such alternatives to a transcript as may be suggested by the State. *Britt v. North Carolina*, 404 U.S. at 230. Indeed, the State does not assert in its brief the existence of any such alternatives in this case. We hold, therefore, that the trial court erred in failing to provide the transcript, and that the State has not met its burden to show that this error was harmless beyond a reasonable doubt.

██ We rest this decision on due process grounds, holding that the denial of a transcript to *any* defendant who demonstrates both the value of the transcript and the lack of available alternatives deprives such a defendant of a fair trial. However, we note that the denial of a transcript request on the basis of a defendant's inability to pay constitutes a violation of equal protection. *Griffin v. Illinois*, 351 U.S. 12 (1956).

*Reversed and remanded.*

BROCK, C.J., and BATCHELDER, J., concurred in the result; the others concurred.