Merrimack
No. 95-578

THE STATE OF NEW HAMPSHIRE

v.

ROBERT BROWN

December 18, 1998

*Jeffrey R. Howard,* attorney general (*John A. Stephen,* assistant attorney general, on the brief and orally), for the State.

*Gary Apfel,* assistant appellate defender, of Orford, by brief and orally, for the defendant.

HORTON, J. The defendant, Robert Brown, appeals his conviction for driving while intoxicated — second offense. RSA 265:82 (1993) (amended 1993, 1995, 1996). He argues that the Superior Court (*McGuire* and *Manias,* JJ.) erroneously denied his requests for transcripts of prior proceedings and the hearing on the motion to suppress in his case. We reverse and remand.

The defendant was arrested in November 1993 and charged with driving while intoxicated — second offense. His driver's license was suspended at an administrative license suspension hearing (ALS hearing) before the division of motor vehicles. The defendant appealed, and the Merrimack County Superior Court affirmed the suspension (ALS appeal). The defendant also was tried on the criminal charge in the Concord District Court (district court trial). At each of the above proceedings, the defendant was represented by privately retained counsel. To assist in his defense, the defendant paid for a transcript of the ALS hearing.

Following a guilty verdict in the district court trial, the defendant took a *de novo* appeal of the criminal charge to the Merrimack County Superior Court. *See* RSA 592-A:2 (1986). The superior court found the defendant indigent and appointed new counsel to represent him in the criminal appeal. Before trial, defense counsel requested funds for transcripts of the ALS appeal and district court trial. In his motion, the defendant cited inconsistencies in the testimony of the police officers involved in the ALS hearing, ALS appeal, and district court trial, and alleged value for cross-examination and impeachment as the basis of his need for the transcripts. The Superior Court (*McGuire,* J.) denied the request without prejudice to its renewal "if defendant makes a showing of the value of the transcripts to him." Specifically, the court stated that the defendant possessed a transcript of the ALS hearing and had not demonstrated why that transcript was not adequate for impeachment purposes. The court also mentioned that the defendant failed to articulate any inconsistencies in the State's witnesses' testimony among the prior proceedings.

In response, the defendant submitted a motion for reconsideration supported by his former attorney's affidavit. The attorney attested that although he had little specific recollection of testimony at the prior proceedings, he could recall inconsistencies in the testimony of the State's witnesses among the three prior proceedings. The attorney further stated that he could not remember specifically what those inconsistencies were.

The court denied the defendant's motion for reconsideration. The Superior Court (*Manias*, J.) also denied the defendant's request for a transcript of the hearing on his motion to suppress, citing reasons previously given by the court. After a jury trial at which the arresting officer appeared as the only witness for the State, the defendant was found guilty of driving while intoxicated. This appeal followed.

On appeal the defendant contends that denying him access to transcripts of prior proceedings offends principles of equal protection, due process, and effective assistance of counsel under both the State and Federal Constitutions. We address the defendant's claim under our State Constitution, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), using federal case law only to aid in our analysis, *see State v. Jaroma*, 139 N.H. 611, 613, 660 A.2d 1131, 1132 (1995). "As we find the protection the defendant seeks under our own constitution, we make no independent federal analysis." *State v. Goodnow*, 140 N.H. 38, 40, 662 A.2d 950, 951 (1995).

We have recognized that regardless of a defendant's ability to pay, "denial of a transcript to *any* defendant who demonstrates both the value of the transcript and the lack of available alternatives deprives such a defendant of a fair trial," thereby denying him due process. *State v. Cofske*, 129 N.H. 133, 136, 523 A.2d 102, 104 (1987). "Defense counsel need not be clairvoyant in delineating specific need" for a transcript on the part of an indigent defendant. *Id.* at 135, 523 A.2d at 104. Otherwise, an accused could "be refused a transcript simply because his lawyer is unable to articulate the very subtleties which might be buried in the document he seeks." *Id.* (quotation omitted).

In the present case, defense counsel clearly demonstrated the value of transcripts of the ALS appeal and district court trial as necessary tools for an effective defense. The defendant's motion for reconsideration included the defendant's former trial counsel's sworn statement that inconsistencies existed among the testimony of the State's witnesses at the prior proceedings. This assertion alone should have suggested to the trial court the value of transcripts as an impeachment device. *See Cofske*, 129 N.H. at 135, 523

A.2d at 103-04; *State v. Shute*, 122 N.H. 498, 502, 446 A.2d 1162, 1164 (1982). The critical value of the transcripts for cross-examination was heightened because the arresting officer's testimony "formed the basis for the State's entire case." *Shute*, 122 N.H. at 502, 446 A.2d at 1164.

The State contends that because adequate alternatives were available to the defendant, the superior court did not err in concluding that transcripts of the previous proceedings need not be supplied at cost to the State. We have recognized that the defendant "does not bear the burden of proving inadequate such alternatives to a transcript as may be suggested by the State." *Cofske*, 129 N.H. at 136, 523 A.2d at 104; *see Britt v. North Carolina*, 404 U.S. 226, 230 (1971). The attesting attorney's affidavit demonstrated the lack of adequate alternatives available to the defendant. Former defense counsel admitted his memory of the prior proceedings was imperfect. Moreover, we do not require that counsel take exhaustive notes of the proceedings to ensure their use as a substitute for a transcript. *See Britt*, 404 U.S. at 229. The statement in the affidavit that inconsistencies in the testimony of the State's witnesses occurred "among" the prior hearings should have made it apparent that access to the transcript of the ALS hearing alone was not sufficient. This is a case in which available alternatives, while perhaps possessing some independent value to the defense, hardly permit as effective a cross-examination as a verbatim transcript of a prior proceeding.

■ Despite the fact that an audiotape of the district court hearing was available, the State did not argue before the trial court that it could serve as an alternative to a transcript of that proceeding. Having received the supplemental briefs submitted by the parties, we decline to rule on the issue as it was not preserved for appellate review. *See State v. Robidoux*, 139 N.H. 657, 660, 662 A.2d 268, 270 (1995). We do rule, however, that henceforth, in any case where there exists an audiotape of the record of any proceeding for which a transcript is requested, the burden will be on the defendant requesting the transcript to review the audiotape to determine the value to the defendant and to limit the scope of his request. The trial court shall require this review and an appropriate report thereon from the defendant before authorizing the provision of transcripts. This requirement shall apply to this case, should the request be renewed on remand.

■ In short, we conclude that because the credibility and recollection of the arresting officer were critical issues in the

criminal appeal, transcripts of the ALS appeal and district court trial were valuable tools to which defense counsel should have had access. *Cofske*, 129 N.H. at 136, 523 A.2d at 104. Because the trial court denied the defendant's requests for the transcripts, we hold the defendant's right to due process was violated. *See id.*

Given this ruling, it is unnecessary for us to respond to the defendant's contention that he was unlawfully denied access to a transcript of the suppression hearing. If the defendant, upon remand, moves for a suppression hearing transcript, we leave it to the trial court to decide the motion in the first instance in accordance with the standards set forth herein.

As in *Cofske*, 129 N.H. at 136, 523 A.2d at 104, we decide this case on due process grounds. In light of the result reached on these grounds, we do not address the equal protection issue raised by the defendant, nor do we address the ineffective assistance of counsel issue raised in relation to the need for transcripts.

*Reversed and remanded.*

All concurred.