911 So.2d 1259 (2005)
Selwyn V. BERNARD, Petitioner,
v.
STATE of Florida and Department of Corrections, Respondent.
No. 5D05-2855.
District Court of Appeal of Florida, Fifth District.
September 30, 2005.
Selwyn Bernard, Daytona Beach, pro se.
No appearance for Respondent.
PER CURIAM.
The petitioner, Selwyn V. Bernard, filed a letter with the Florida Supreme Court which treated it as a petition for writ of *1260 mandamus, and transferred it to this court pursuant to Harvard v. Singletary, 733 So.2d 1020 (Fla.1999). Because the petition is facially insufficient, and because it seeks relief that is beyond the power of this court to order, we deny the petition.
Although it is unclear, it appears that Bernard is asserting that his sentence is illegal; the trial judge falsely claims to be chief judge of the circuit; he is being physically and mentally abused in jail because of a civil suit against the Florida Department of Corrections in which he is a witness; and that although he has raised these issues in motions to the trial court, he is being ignored. As relief, Bernard seeks the resignation of the trial judge, plus compensatory and punitive damages for the pain and suffering that he is alleged to have suffered.
We note, first, that Bernard has not advised us of the nature of the motions that he says are being ignored, other than to say that they involve the "gross negligence and prejudice" of the trial judge. He does not tell us either the dates of the filing of his motions or whether they have been acted on by the trial court. He does claim that he was "oversentenced" by nine months because the judge "went outside my pointline." We see among the papers he has filed, however, an Order Denying Motion To Correct Sentence which reflects that he was sentenced to prison for thirty-six months for a third-degree felony, a sentence that appears to be legal. The trial court noted correctly that it was "not obligated to sentence based on what either the State or the defendant requests." We are simply not given enough information to determine how the extraordinary writ of mandamus might be applicable.
Moreover, the relief sought is not within our power. He asks that the trial judge "be made to resign and that he [Bernard] be compensated for the Gross Negligence, Mental Anguish, Bodily Harm, Emotional Damages and Punitive Damages that this has caused." Before mandamus can issue the petitioner must show, among other things, a clear legal right and an indisputable legal duty on the part of the respondent. See Dep't of Health & Rehab. Servs. v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312, 1314 (Fla. 1st DCA 1985), adopted by 488 So.2d 824 (Fla.1986). As we do not control the continued employment and service of a trial judge, nor are we a court that can award compensatory or punitive damages, the petitioner has failed to show a clear legal right to the relief he requests.
PETITION DENIED.
PLEUS, C.J., MONACO and TORPY, JJ., concur.