935 So.2d 1225 (2006)
Gregory WOODFAULK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3055.
District Court of Appeal of Florida, Fifth District.
August 11, 2006.
*1226 Gregory Woodfaulk, Bristol, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Gregory Woodfaulk challenges the trial court's order denying his petition for an accelerated hearing and immediate compliance with his public records request from the state attorney's office pursuant to section 119.11, Florida Statutes (2005). Because Woodfaulk is entitled to an accelerated hearing, we reverse and remand.
Woodfaulk is currently serving a twenty-year sentence following his conviction for robbery with a firearm (with a mask) and burglary of a structure with assault or battery with a firearm. This court affirmed per curiam his direct appeal, Woodfaulk v. State, 816 So.2d 647 (Fla. 5th DCA 2002) (table), and the denial of his 3.850 motion for postconviction relief. Woodfaulk v. State, 857 So.2d 897 (Fla. 5th DCA 2003) (table).
Woodfaulk alleged in his petition for an accelerated hearing pursuant to section 119.11 that he received no response to his two public records requests in March or April 2005 and in May 2005 requesting his records from the state attorney's office in case number CR00-2125, the underlying criminal case. He also alleged that he made no copies of the earlier requests, but stated in an attached unsigned and unnotarized "affidavit" that he offered to pay for the duplication cost of the records. The court denied his petition, ruling that Woodfaulk was not being denied his records, but that he was not entitled to state-funded copies to assist him in preparing any collateral motions or for any other reason.
The State notes that Woodfaulk alleged for the first time on appeal that he was not requesting a free copy, but was willing to pay for any copies. However, Woodfaulk's affidavit, albeit unsworn and unsigned, stated that he made a proper request and offer to pay for the cost of the records. The affidavit is part of his petition filed with the trial court. We review a trial court's denial of a public records request for an abuse of discretion. See Glock v. Moore, 776 So.2d 243, 254 (Fla. 2001).
Prisoners are entitled to disclosure of public records related to their convictions under chapter 119, Florida Statutes. Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997). The custodian of the records for the state attorney's office is responsible, in this case, for providing records not exempt under section 119.07(3) upon Woodfaulk's proper request and payment *1227 in accordance with the provisions of section 119.07. Costs are either prescribed by statute or for the actual cost of duplication. § 119.07(1)(a).
The trial court correctly ruled that Woodfaulk has no right to free copies of the state attorney's public records. Indigent prisoners may obtain free copies and services for a plenary appeal, but there is no provision to obtain them thereafter. Ridge v. Adams, 643 So.2d 116, 117 (Fla. 5th DCA 1994). There is no right to free transcripts for use in preparation of a postconviction motion. Carr v. State, 495 So.2d 282, 282 (Fla. 2d DCA 1986). Rather, a prisoner seeking postconviction relief must first prepare and file his motion before he may secure those portions of the record relevant to the motion. Id. A prisoner seeking copies of the state attorney's criminal investigation file pursuant to the Public Records Act is not entitled to copies free of charge. Roesch v. State, 633 So.2d 1, 2-3 (Fla.1993). Furthermore, Woodfaulk is not being deprived of any constitutional right. Id. at 3.
Florida has a strong public policy in favor of open government as the Fourth District expressed in Salvador v. Fennelly, 593 So.2d 1091, 1094 (Fla. 4th DCA 1992), stating:
That policy has received clear recognition in both the legislature and the courts. The legislature has also recognized that time can sometimes be an important element in the right of access to public records. Hence, the provision for early hearings on public records cases.
Section 119.11 places no specific requirements on the party requesting the record to obtain an accelerated hearing except the filing of an action to enforce the public records law. It states: "Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases." § 119.11(1). The statute does not provide for a summary procedure. Nor does it require that the petitioner attach copies of any earlier requests.
The court abused its discretion in denying an immediate hearing on Woodfaulk's request. Woodfaulk's petition triggered the requirement that the court set an immediate hearing. § 119.11(1). Woodfaulk cannot factually demonstrate that he made an offer to pay for the record copies in his two earlier requests, but he alleged he made such an offer. Whether Woodfaulk's statement in his affidavit, unsigned and unnotarized, is a proper request is a question for the trial court.
In this case, the state attorney allegedly did not respond to Woodfaulk's first two requests that Woodfaulk himself does not document. Whether they were proper requests is an open question. Section 119.12 provides for an attorney's fees sanction for an agency's unlawful refusal to permit a public record to be copied. However, only when the court determines that the agency's refusal to have been unreasonable is the attorney's fee sanction mandated. § 119.12. Whether the agency's refusal to permit public records to be copied or inspected was unreasonable so as to justify an award of attorney's fees against the agency is a fact question for the trial court and will not be disturbed on appeal unless the trial court's finding is unsupported by the evidence. News-Press Publ'g Co. v. Gadd, 432 So.2d 689, 689 (Fla. 2d DCA 1983). Only a hearing will permit the trial court to make this determination.
Accordingly, we reverse and remand with instructions that the trial court schedule a hearing on Woodfaulk's petition to order an accelerated hearing and immediate *1228 compliance with his public records request.
REVERSED and REMANDED with instructions.
MONACO and EVANDER, JJ., concur.