948 So.2d 47 (2007)
Clark LEICHTY, Petitioner,
v.
CLERK OF CIRCUIT COURT, LAKE COUNTY, Florida, Respondent.
No. 5D06-3811.
District Court of Appeal of Florida, Fifth District.
January 5, 2007.
Clark Leichty, Lowell, Pro Se.
No Appearance for Respondent.
*48 PER CURIAM.
Clark Leichty petitions this Court for a writ of mandamus "compelling a circuit clerk of the court to file a motion or petition rendered for filing." He gives no indication that he has sought relief in the trial court. We deny the petition.
Mandamus will lie to compel the performance of a clear legal duty. Huffman v. State, 813 So.2d 10, 11 (Fla.2000). Hence, it is only appropriate to compel a purely ministerial act. Austin v. Crosby, 866 So.2d 742, 744 (Fla. 5th DCA 2004). Mandamus is not appropriate where another legal remedy is available. Huffman, 813 So.2d at 11.
Here, Mr. Leichty does not allege that he requested (and does not appear to have sought) a ruling from the trial court. Consequently, it appears that he never made a distinct, express demand for performance from the circuit court, which is a condition precedent to the issuance of a writ of mandamus. See Gentile v. Office of Public Defender, 833 So.2d 229, 230 (Fla. 5th DCA 2002); Al-Hakim v. State, 783 So.2d 293, 294 (Fla. 5th DCA 2001); Fla. Pharmacy Ass'n, Inc. v. Strong, 604 So.2d 529, 530 (Fla. 1st DCA 1992). A litigant who seeks action from the trial court clerk to provide documents or accept filings cannot start with mandamus at the appellate court. He must seek relief in the trial court first. It is the trial court that has jurisdiction over such matters. See Tucker v. Ruvin, 748 So.2d 376 (Fla. 3d DCA 2000) (holding that where clerk refused to file legal document, circuit court should have granted mandamus); see also Martin v. Krischer, 783 So.2d 1170, 1170 (Fla. 4th DCA 2001); Green v. State, 698 So.2d 575, 576 (Fla. 5th DCA 1997); Taylor v. State, 677 So.2d 75, 76 (Fla. 4th DCA 1996).
PETITION FOR MANDAMUS DENIED.
GRIFFIN, ORFINGER and MONACO, JJ., concur.