Hillsborough-northern judicial district
No. 2006-504

### THE STATE OF NEW HAMPSHIRE

v.

### TIMOTHY DUPONT

Submitted: March 22, 2007
Opinion Issued: July 13, 2007

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law), for the State.

Timothy Dupont, by brief, *pro se*.

### MEMORANDUM OPINION

HICKS, J. The defendant, Timothy Dupont, appeals the order of the Superior Court (*Barry*, J.) denying his request for the preparation of hearing transcripts at the State's expense. We affirm.

The record supports the following. The defendant was convicted in 2001 of sixty-nine counts of felonious sexual assault. *See* RSA 632-A:3, III (1996). The defendant appealed and we affirmed his convictions in *State v. Dupont*, 149 N.H. 70 (2003). Through counsel, the defendant then filed a habeas corpus petition in federal district court, which was denied. *Dupont v. Coplan*, No. Civ. 03-287-M, 2003 WL 22037315, at *4 (D.N.H. Aug. 27, 2003). The defendant subsequently filed numerous post-conviction pleadings and motions with the superior court. The court held several hearings in 2004 and 2005, and ultimately issued a forty-nine page order dismissing all of the defendant's claims. The defendant appealed and we declined to accept his appeal, *see State v. Dupont*, No. 2006-0251 (N.H. May 17, 2006).

The defendant then filed a motion with the superior court requesting transcripts of five hearings held in 2004 and 2005 at the State's expense. The court denied the motion, noting that the defendant had exhausted his appellate rights. The defendant filed a motion for reconsideration, which was denied. This appeal followed.

The defendant argues that the superior court's order violates his state and federal due process rights and his federal equal protection rights. The defendant cites Part I, Articles 8, 14, and 15 of the New Hampshire Constitution, and the Fourteenth Amendment of the Federal Constitution. We review issues of constitutional law *de novo*. *State v. McLellan*, 149 N.H. 237, 240 (2003). We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 232 (1983), and cite federal opinions for guidance only, *id.* at 232-33.

As the superior court noted, the defendant in this case has exhausted his appellate rights. His conviction was appealed and affirmed in 2003. *See Dupont*, 149 N.H. at 83. In addition, his appeal from the superior court's dismissal of his post-conviction motions was declined in May 2006. *State v. Dupont*, No. 2006-0251 (N.H. May 17, 2006). The transcripts the defendant seeks, therefore, can only be for the purpose of pursuing a successive collateral proceeding, such as a habeas corpus petition.

An indigent defendant is entitled to transcripts as of right at State expense when preparing for trial, *State v. Brown*, 143 N.H. 197, 199-200 (1998), or for an appeal, *Britt v. North Carolina*, 404 U.S. 226, 227 (1971) ("[T]he State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.").

Post-conviction and post-appeal, however, an indigent defendant is not automatically entitled to transcripts at State expense. The defendant first must demonstrate that a motion or petition in which the transcripts

are needed has been filed. "There is no right to free transcripts for use in preparation of a postconviction motion. Rather, a prisoner seeking postconviction relief must first prepare and file his motion before he may secure those portions of the record relevant to the motion." *Woodfaulk v. State*, 935 So. 2d 1225, 1227 (Fla. Dist. Ct. App. 2006) (citation omitted); *see also United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979) (applying same standard to federal postconviction claims); *State ex rel. Murr v. Thierry*, 517 N.E.2d 226, 226-27 (Ohio 1987) (holding that an indigent prisoner is only entitled to a free transcript when an appeal or postconviction action is pending). Although the defendant here may choose to pursue a state or federal habeas corpus petition, he has not demonstrated that he has currently filed any such petition.

■ Once the defendant has demonstrated he has filed such a motion or petition, he is not entitled to transcripts merely because they would be beneficial to him; the defendant must demonstrate a genuine need for the transcripts. *See Brown*, 143 N.H. at 199; *United States v. MacCollom*, 426 U.S. 317, 325-28 (1976) (plurality opinion); *see also Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." (quotation omitted)), *cert. denied*, 410 U.S. 944 (1973); *People v. Sparks*, 246 P.2d 64, 65 (Cal. Dist. Ct. App. 1952) (holding that the general rule that a defendant in a criminal case "is entitled to a reporter's transcript at state expense . . . [does not apply where] the time for appeal from the judgment ha[s] long since expired").

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *MacCollom*, 426 U.S. at 325-28; *Losing*, 601 F.2d at 352; *Brown*, 143 N.H. at 199. Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

The defendant's remaining arguments are without merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.