969 So.2d 1101 (2007)
Donald MUSMACHER, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D07-2765.
District Court of Appeal of Florida, First District.
November 6, 2007.
Rehearing Denied December 19, 2007.
*1102 Donald Musmacher, pro se, Petitioner.
Bill McCollum, Attorney General, and Sherry Toothman, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner has filed a petition for writ of mandamus in this court seeking to compel the Clerk of the Circuit Court for Leon County to accept his petition for writ of mandamus for filing and to assign it a case number. For the reasons set forth below, we grant the petition.
In April 2007, petitioner forwarded a petition for writ of mandamus to the Leon County Circuit Court challenging a prison disciplinary action. The clerk of the circuit court returned the documents to petitioner and instructed petitioner that if he wished to proceed, he had to refile his petition accompanied by either the filing fee or an application to proceed as indigent. Petitioner thereafter sought relief in this court. He argues that his petition filed below was a collateral criminal proceeding. Therefore, the clerk of the circuit court should have accepted his petition for filing without requiring him to pay fees.
Both respondent and the clerk of the circuit court respond that petitioner must pay the applicable filing fee or prove his inability to pay by filing an affidavit of indigency. The clerk of the circuit court cites Leichty v. Clerk of Circuit Court, Lake County, 948 So.2d 47 (Fla. 5th DCA 2007), for support. In Leichty, the Fifth District Court of Appeal ruled that "a litigant who seeks action from the trial court clerk to provide documents or accept filings cannot start with mandamus at the appellate court. He must seek relief in the trial court first." The clerk also argued that the clerk is not obligated to open a case file upon receipt of every document without limitation, and the clerk has the authority to require reasonable supporting documentation.
We find the Third District Court of Appeal's decision in Outboard Marine Domestic International Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823 (Fla. 3d DCA 1986), to be more persuasive. In Outboard Marine, the Third District Court of Appeal held that tendering a correct filing fee was not a precondition to filing a complaint and that the clerk has a ministerial duty to accept a complaint for filing even though insufficient filing fees were tendered. The Third District Court of Appeal relied upon the Florida Supreme Court decision in Williams v. State, 324 So.2d 74 (Fla.1975). In Williams, the Supreme Court held that the timely deposit of a required filing fee or adjudication of insolvency is not jurisdictional. The court receded from an earlier decision which stated that the clerks had discretionary power to either accept or reject a notice of appeal absent the simultaneous payment of the filing fee or an adjudication of insolvency.
The instant proceeding is, in fact, an appellate proceeding in the circuit court. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998). Therefore, the reasoning in Williams and Outboard Marine is even more applicable to the circumstances of this case.
As noted by the Third District Court of Appeal in Outboard Marine, the failure to pay the filing fee is a matter which essentially concerns only the clerk and should not enure to the benefit of the respondent. The clerk retains the authority to enforce the payment of the filing fee. The circuit court clerk can always order a petitioner to pay the fee or suffer dismissal of the proceeding. This procedure ensures that the rights of the parties will be determined, *1103 as they should be, by the court, rather than the clerk.
Accordingly, we direct the clerk of the circuit court to accept petitioner's petition for writ of mandamus and assign it a case number. Under the circumstances of this case, it would be impossible for petitioner to request relief from a circuit court judge when the circuit court clerk will not accept any pleading he files. Therefore, we distinguish Leichty from the instant case.
PETITION GRANTED.
KAHN, WEBSTER, and ROBERTS, JJ., concur.