985 So.2d 69 (2008)
Perry DEAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3380.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
*70 Perry Deas, Okeechobee, pro se.
No appearance required for appellee.
STONE, J.
Perry Deas appeals the trial court's denial of his public records request.
Deas is currently serving a life sentence following his conviction for first-degree murder. He seeks an order compelling production of public records pursuant to section 119.01, Florida Statutes (2006). Deas requested an order requiring the state to produce the transcript for the sentencing hearing of Alton Hobbs, a witness who testified at Deas' trial. Deas alleged that the state violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in failing to disclose evidence of a deal with Hobbs that could have been used to impeach the state's witness.
In Woodfaulk v. State, 935 So.2d 1225, 1226 (Fla. 5th DCA 2006), the court recognized that a prisoner is entitled, under the public records act, to an accelerated hearing on a petition requesting access to public records under the statute. Section 119.11(1), Florida Statutes, provides: "Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases."
Deas requested that his public records request be set for hearing within a reasonable amount of time. Deas, however, failed to state in his request that he is willing to pay for all requested records. The trial court, without a hearing, denied the motion on the ground that Deas was not entitled to state-funded copies to assist him in preparing for post-conviction relief.
The trial court correctly recognized that prisoners have no right to free transcripts for use in preparation of a post-conviction motion. See Woodfaulk, 935 So.2d at 1227. On appeal, Deas asserts he is willing to pay for the requested records. We note that in Woodfaulk, the court explicitly recognized that Woodfaulk's affidavit advised the trial court that he was willing to pay the costs. Id. at 1225.
As Deas did not advise the trial court of his willingness to pay the costs, we find no abuse of discretion and affirm, without prejudice to Deas' right to again seek the public records by tendering the required payment.
STEVENSON and TAYLOR, JJ., concur.