WARNER, J.
 

 We grant the petition for writ of mandamus requiring the court to set an immediate hearing pursuant to section 119.11, Florida Statutes, on the petitioner’s public records request. The statute requires the court to set an “immediate” hearing, and petitioner’s claim has been pending for eight months.
 

 Petitioner filed a petition for writ of mandamus in the circuit court on June 13, 2011, seeking to enforce his right to request public documents pursuant to section 119.11. The court ordered the state to respond to the petition in September 2011.
 
 [1]
 
 The state did not respond, nor did the trial court set a hearing, prompting the petition to this court. We issued an order to show cause, and the state responded requesting additional time to respond in the trial court.
 

 Section 119.11(1) requires the court to set “an immediate hearing, giving the case priority over other pending cases.” We have held that an immediate hearing does not mean one scheduled within a reasonable time but means what the statute says: immediate.
 
 See Salvador v. Fennelly,
 
 593 So.2d 1091, 1094 (Fla. 4th DCA 1992). The statutory provisions apply to prisoners.
 
 Woodfaulk v. State,
 
 935 So.2d 1225, 1226 (Fla. 5th DCA 2006).
 

 Eight months have passed since the filing of the petition below. That cannot be held to be immediate. The trial court has a ministerial duty to set the hearing.
 

 We therefore grant the writ and order that the trial court shall schedule an immediate hearing pursuant to the statute. We withhold the issuance of the writ, confident that the trial court will comply with our ruling.
 

 DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 . We express no opinion as to whether mandamus is appropriate relief. The trial court requested a response, rather than dismissing the pleading, possibly treating the petition as a complaint.