PER CURIAM.
Raymond Claudio has filed a petition for writ of mandamus to compel the Clerk of Court of Volusia County to accept for filing a “petition for accelerated hearing” of a public records request that he claims to have delivered to the clerk. The “accelerated hearing” refers to the provision in the public records law, section 119.11, Florida Statutes (2013), that requires the court to set an immediate hearing upon the filing of a civil action to enforce the public records law. In response, the clerk represents that they have no record of Mr. Claudio’s filing, and there is no pending case involving Mr. Claudio in Volusia County. Given that a petition for a hearing is not a “civil action,” it appeared likely to this Court that the petitioner’s denomination of his filing in the lower court was the source of the problem.
In response to our order to show cause, Mr. Claudio asserts that the filing of a petition for accelerated hearing is the filing of a civil action under section 119.11, and cites to our opinion in Woodfaulk v. State, 935 So.2d 1225 (Fla. 5th DCA 2006). This was not the holding of Woodfaulk, although the opinion does refer to the filing in that case as a “Petition for Accelerated Hearing.” Id. at 1226. This Court’s records in that case indicate that the civil action in Woodfaulk was commenced by the filing of a combination petition to enforce chapter 119 and for accelerated hear *832 ing. However, the accelerated hearing was the first item mentioned in the lengthy title of the pleading, and it seems that the panel, in writing the opinion, simply abbreviated the title in referring to the filing.
Thus, contrary to Mr. Claudio’s contention, the filing of a “petition for accelerated hearing” is not sufficient to commence a civil action under section 119.11. The statute contemplates a complaint, counterclaim or cross-claim. See § 119.11(4), Fla. Stat. (2013). Although the filing of a motion for accelerated hearing is not precluded, and may even be prudent, it is not a substitute for the filing of a complaint for enforcement of the public records law. Lest anyone else be misled by Woodfaulk, as was Mr. Claudio, we write to make this clear.
Mr. Claudio appears to have relied on Woodfaulk in good faith and his petition for accelerated hearing is, in substance, sufficient to explain the relief he seeks. Upon Mr. Claudio’s resubmission of the “Petition for Expedited Hearing,” we direct the clerk of court to accept this document for filing as a complaint to enforce the public records law. In doing so, we do not suggest that Mr. Claudio’s public records request is legally sufficient or that he is otherwise entitled to relief. Given the clerk of court’s express willingness to comply with this Court’s direction, we withhold issuance of the writ, expecting that upon receipt of Mr. Claudio’s petition, the clerk will act in accordance with this opinion.
We are also aware that Mr. Claudio has been the subject of Spencer[1] orders in this Court and in the Circuit Court of St. John’s County, prohibiting pro se filings arising out of his conviction and sentence in Mr. Claudio’s criminal case no. CF-11-228. Because we lack sufficient information in this proceeding to determine whether the present action violates these orders, we have addressed the instant matter notwithstanding those outstanding Spencer orders.[2]
PETITION GRANTED; WRIT WITHHELD.
GRIFFIN, ORFINGER, and LAWSON, JJ.

. State v. Spencer, 751 So.2d 47 (Fla.1999).

. Mr. Claudio is reminded of the prohibition against pro se filings in this Court associated with his prior court case and that violation of our order may result in sanctions.