ORDER ON MOTION TO COMPEL
VAN NORTWICK, J.
Tabitha Joy Lewis appeals a judgment and sentence entered in the Circuit Court in and for Santa Rosa County, under which she is serving a ten-year prison sentence. The Public Defender, Second Circuit, who is representing Ms. Lewis in her appeal, has filed a motion to compel the Clerk of Courts for Santa Rosa County (the Clerk) to provide Ms. Lewis, through counsel, a paper copy of the record on appeal.
Following its usual practice, the Clerk has provided counsel with paper copies of the index, progress docket, and some of the transcripts, but has provided the rest of the record electronically on a computer disk. The Public Defender represents *880 that Santa Rosa County is the only county in the First District to provide the record this way in indigent criminal appeals. The Public Defender also represents that in its experience, the Department of Corrections does not allow incarcerated defendants to receive computer disks in the mail, nor does it provide computer access to the files on the disks. See Fla. Admin. Code R. 38-210.102(6)(b)l. (“The following items which are prohibited for receipt in routine mail are also not permissible for inclusion in or attachment to legal mail: 1. Non-paper items.”).
The parties agree that, in general, an indigent defendant is entitled to his or her own copy of the record in proceedings in which he or she is proceeding pro se, such as in Anders[1] appeals, see Baptiste v. Guffanti, 943 So.2d 303, 304 (Fla. 3d DCA 2006), and, at the conclusion of representation, is entitled to the record in the possession of trial counsel that was prepared at public expense. See Office of the Public Defender v. Madison, 961 So.2d 1044 (Fla. 1st DCA 2007) (Public Defender must surrender “any trial transcripts in its possession” to defendant, upon request, at the end of representation”); Bush v. State, 947 So.2d 685, 686 (Fla. 4th DCA 2007) (Public Defender may be compelled to turn over “records and transcripts which were prepared for his client at public expense”). And the Clerk does not dispute that an incarcerated defendant must receive a paper record for it to be of any use. We must decide on whom the duty falls to prepare the paper record for an indigent defendant.[2]
Neither party has presented us with a definitive authority that clearly answers the question of who must prepare the paper record for an indigent represented defendant. Because there is no good answer, we must come to a practical, working solution. Accordingly, we find that, as has historically been the practice, the Clerk should continue to provide a paper copy of the record to appointed counsel representing an indigent defendant on appeal and to other pro se indigent defendants in criminal matters until such time as a rule or statute provides otherwise.[3] While we are sympathetic to the budgetary constraints of both offices, we believe this solution is the best use of public funds — the record is prepared one time, instead of once electronically and then once in paper form — and ensures that the record is prepared in a form an incarcerated defendant can receive and use. To avoid the filing of future motions to compel, we direct the Clerk to provide a paper *881 record to the Public Defender as a standard practice. In addition, given the rapid transition to electronic records in the courts of this state and the need to resolve this issue on a comprehensive basis, we certify the following question of great importance to the Florida Supreme Court:
IN A CRIMINAL APPEAL, IS THE CLERK OF THE LOWER TRIBUNAL REQUIRED TO PROVIDE A PAPER COPY OF THE RECORD ON APPEAL TO AN INDIGENT DEFENDANT.
PADOVANO, J., concurs; ROWE, J., concurs in part and dissents in part.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The Public Defender argues that the duty to generate a record for use by an indigent pro se defendant falls on the Clerk, and that it must provide a paper record to a represented defendant when an appeal concludes, at the latest. The Clerk argues that no legal authority requires it to furnish copies of the record directly to a represented defendant, and that, in any case, no authority compels paper versus electronic records, or vice versa. A clerk may serve documents by e-mail or by any method permitted under subdivision (b)(2), which includes mailing or hand delivery. Fla. R. Jud. Admin. 2.516(g).

.With respect to appeals from the summary denial of postconviction motions, Florida Rule of Appellate Procedure 9.141(b)(2)(A) provides that, "[u]nless directed otherwise by the court, the clerk of the lower tribunal shall not index or paginate the record or send copies of the index or record to the parties.” Pursuant to the authority granted by the rule, this Court’s Administrative Order 02-2 requires lower tribunal clerks to index and paginate the record in such appeals and to provide copies of the index and record to the patties.