PER CURIAM.
Petitioner, Lyle Bennett, seeks a writ of mandamus to compel the Citrus County Clerk of Court to provide free copies of his 1) plea agreement, 2) sentencing transcript, 3) guideline scoresheet, and 4) “sworn Direct Information filed, etc.” in his Citrus County felony Case No.2013CF-341-A. Bennett states that the Citrus County Clerk is demanding $1 per page for the records sought and that he is indigent and trying to draft a motion for post-conviction relief. The petition does not include an appendix or a copy of the alleged response that he received from the Citrus County Clerk’s Office. He also does not state whether his request for copies was a chapter 119 request or was simply correspondence to the Clerk.
Bennett relies on Lewis v. State, 142 So.3d 879 (Fla. 1st DCA 2014), which held that an indigent criminal defendant “is entitled to his or her own copy of the record in proceedings in which he or she is proceeding pro se, such as in Anders[1] appeals, and, at the conclusion of representation, is entitled to the record in the possession of trial counsel that was prepared at public expense.” 142 So.3d at 880 (internal citations omitted). Lewis does not support Bennett’s claim. Lewis simply provides that a copy of the record shall be provided by the Clerk to indigent defendants in criminal matters. Id. It did not extend the right to free copies to indigents beyond the direct appeal of judgment and sentence and transcripts of evi-dentiary hearings held on postconviction claims. See Fla. R. App. P. 9.141(b)(3).[2] Bennett does not assert that the Clerk has refused to provide him copies, only that she requires a $1 fee per page.
“Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.” Poole v. City of Port Orange, 33 So.3d 739, 741 (Fla. 5th DCA 2010) (citing Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991)). “A duty or act is ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law.” Austin v. Crosby, 866 So.2d 742, 744 (Fla. 5th DCA 2004). The petitioner must show a clear legal right to the relief requested and “an indisputable legal duty on the part of the. respondent” *279 to act. See Bernard v. State, 911 So.2d 1259,1260 (Fla. 5th DCA 2005).
Finally, “[a] litigant who seeks action from the trial court clerk to provide documents or accept filings cannot start with mandamus at the appellate court. He must seek relief in the trial court first. It is the trial court that has jurisdiction over such matters.” Leichty v. Clerk of Circuit Court, Lake Cnty., 948 So.2d 47, 48 (Fla. 5th DCA 2007). But see Musmacher v. McDonough, 969 So.2d 1101,1103 (Fla. 1st DCA 2007) (distinguishing Leichty under circumstances of case, and directing clerk of circuit court to accept petitioner’s petition for writ of mandamus because it would be impossible for petitioner to request relief from circuit court judge when circuit court clerk will not accept any pleadings he files).
Bennett has failed to demonstrate entitlement to relief from this Court. Wé deny the petition.
PETITION DENIED.
TORPY, C.J., ORFINGER and EVANDER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. It does not appear that Bennett filed a direct appeal in this case; consequently, it is unlikely that transcripts were prepared of his plea and sentencing proceedings.