IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ARICK BURKETT,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4121

Opinion filed December 9, 2014.

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Arick Burkett, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant, Arick Burkett, appeals the trial court's order denying his *pro se*

motion to compel transcription of a DVD by the clerk of court, and argues that

pursuant to Lewis v. State, 142 So. 3d 879 (Fla. 1st DCA 2014), he is entitled to the transcription of the DVD, a piece of "digital discovery material" containing a recorded police interview with his co-defendant, and to a paper copy thereof in preparation of his motion for postconviction relief. Contrary to Appellant's contention, Lewis does not dictate the result he seeks, and we decline to extend its holding to the situation at issue. See Lewis, 142 So. 3d at 880-81 (finding that "the Clerk should continue to provide a paper copy of the record to appointed counsel representing an indigent defendant on appeal and to other pro se indigent defendants in criminal matters until such time as a rule or statute provides otherwise"); see also Wilcox v. State, 143 So. 3d 359, 377 (Fla. 2014) (finding that the trial court did not abuse its discretion in refusing to order the State to transcribe a recorded statement it had provided to the appellant in DVD format, which the appellant could not access due to his incarceration); Bennett v. Clerk of Circuit Court Citrus Cnty., 2014 WL 5781221, at *1 (Fla. 5th DCA Nov. 7, 2014) (explaining that Lewis does "not extend the right to free copies to indigents beyond the direct appeal of judgment and sentence and transcripts of evidentiary hearings held on postconviction claims"); Deas v. State, 985 So. 2d 69, 70 (Fla. 4th DCA 2008) ("[P]risoners have no right to free transcripts for use in preparation of a post-conviction motion."); Woodfaulk v. State, 935 So. 2d 1225, 1226-27 (Fla. 5th DCA 2006) ("Indigent prisoners may obtain free copies and services for a plenary appeal, but

2

there is no provision to obtain them thereafter. There is no right to free transcripts for use in preparation of a postconviction motion. Rather, a prisoner seeking postconviction relief must first prepare and file his motion before he may secure those portions of the record relevant to the motion.") (Internal citations omitted).

AFFIRMED.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.