502 So.2d 456 (1986)
PRIME ORLANDO PROPERTIES, INC., Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF LAND SALES, CONDOMINIUMS AND MOBILE HOMES, Appellee.
DEVONWOOD DEVELOPMENT CORPORATION, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF LAND SALES, CONDOMINIUMS AND MOBILE HOMES, Appellee.
Nos. BI-204, BI-203.
District Court of Appeal of Florida, First District.
December 24, 1986.
Rehearing Denied March 5, 1987.
*457 T. Whitney Strickland, Jr., Tallahassee; and Carl A. Bertoch, Tallahassee, for appellants.
Thomas A. Klein, Staff Atty., Dept. of Business Regulation, Tallahassee, for appellee.
JOANOS, Judge.
Devonwood Development Corporation (Devonwood) and Prime Orlando Properties, Inc. (Prime Orlando), each appeal from a final order of the Division of Land Sales, Condominiums and Mobile Homes (Division). The two issues for our review are (1) whether the Division's administrative order should be reversed due to insufficient notice of an order to show cause, and (2) whether the administrative order should be reversed and remanded as it does not constitute final agency action.
On June 14, 1984, Devonwood and Prime Orlando signed consent orders with the Division acknowledging inadvertent violations of Chapter 498, Florida Statutes. Among other things, the Consent Orders required the corporations to provide to each purchaser in the respective subdivision a notification package which would include a notification letter and a disclosure statement approved by the Division. In addition, the corporations agreed to refund principal and interest to each purchaser requesting same, to report to the Division on a quarterly basis the status of all refund payment accounts, to file with the Division a list of all purchasers receiving the notification package, to report to the Division its total refund liability, and to pay a civil penalty of $2,500.
In each instance, the letter included with the notification package contained the following paragraph:
If you wish to participate in this offering, please make your requests in writing to Carl A. Bertoch, Esquire, P.O. Box 3106, Tallahassee, Florida XXXXX-XXXX, Counsel to (Devonwood Development Corp.) (Prime Orlando Properties, Inc.). Your request should include proof of payment on your contract, tax payments and recording fee. Refunds will be paid by installments over a 3 year period.
On March 12, 1985, the Division sent each corporation a Notice to Show Cause and a Notice of Right to Hearing. The certificate of service on each notice reflects that copy was sent to: "Paul W. Cotton, *458 3000 NE 30th Place, Intracoastal Building, Suite 400, Ft. Lauderdale, Florida 33306." A copy of the Notice to Show Cause was not sent to Mr. Bertoch, who represented both corporations during negotiations involving the Consent Order and who was named in the letter included in the documents sent to purchasers from the respective corporations.
Devonwood and Prime Orlando did not request a hearing within the fourteen days provided in the Division's statement of Right to a Hearing. On July 10, 1985, the Division entered a Final Order in each cause. Paragraph 11 of each order provides:
The Respondent shall pay a civil penalty to the Division in the aggregate total amount of Sixty Thousand Dollars ($60,000.00) within thirty (30) days of the entry of this Final Order. However, Petitioner may waive the enforcement of this civil penalty, in whole or in part, to the extent the Respondent complies with the terms of this Final Order.
We affirm the Division's final order, but consider the issues raised by Devonwood and Prime Orlando merit further discussion.
The Division, as an "agency" within the purview of Section 120.52(1)(b), Florida Statutes, may act only in accordance with statutory procedure. See 1 Fla.Jur.2d, Administrative Law s. 38. The notice provisions which govern this case are set forth at section 120.59(4), Florida Statutes (1983), which provides that "[p]arties shall be notified either personally or by mail of any order; and, unless waived, a copy of the final order shall be delivered or mailed to each party or to his attorney of record," and at section 498.005(8), Florida Statutes (1983), which defines "notice" under the Land Sales Practice Law as:
a communication in writing from the division executed by its director or other executive officer. Notice to a subdivider shall be deemed complete when delivered to the subdivider's address currently on file with the division.
Although Chapter 498 is quite specific with regard to the manner in which notice is to be served by the Division, this court has held that "[n]otice of agency action which does not inform the affected party of his right to request a hearing, and the time limits for doing so, is inadequate to `trigger' the commencement of the administrative process." Henry v. State Department of Transportation, 431 So.2d 677, 680 (Fla. 1st DCA 1983), citing Wahlquist v. School Board of Liberty County, 423 So.2d 471, 473 (Fla. 1st DCA 1982) and Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982). On the other hand, this court has also held that when a clear point of entry is provided in a notice to show cause, the affected party must affirmatively seek a hearing within the permissible time frame. Failure to do so has been construed as a waiver of the right to a hearing. Mohican Valley, Inc. v. Division of Florida Land Sales and Condominiums, 441 So.2d 1126 (Fla. 1st DCA 1983), pet. for review denied, 449 So.2d 265 (Fla. 1984); City of Punta Gorda v. Public Employees Relations Commission, 358 So.2d 81 (Fla. 1st DCA), cert. denied, 365 So.2d 710 (Fla. 1978).
In the instant case, appended to the notice to show cause was a notice designated "Right to a Hearing." This notice directed that a request for a hearing must be submitted in writing within fourteen days of receipt of the notice. Devonwood and Prime Orlando contend the notice was insufficient because it was not served on their attorney. As support for this contention, Devonwood and Prime Orlando rely on Florida Rule of Civil Procedure 1.080(b),[1] and case law holding that service *459 of matters in a pending cause should be upon the party's attorney.[2]
Although it is undisputed that the notice provided was in accordance with the procedure outlined in Chapter 498, we have a bit of uneasiness at the Division's failure to serve copies of the notice to show cause on the attorney for Devonwood and Prime Orlando under the circumstances of this case. In short, we affirm because the notice was a legal notice, but we believe that it would have been more courteous if an extra copy of the notice to show cause had been sent to the lawyer representing Devonwood and Prime Orlando.
The second issue, whether the Division's final order was in fact final, is a very close question. The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order and whether a question remains open for judicial determination. In other words, a final decree marks the end of judicial labor. Chipola Nurseries, Inc. v. Division of Administration, State Department of Transportation, 335 So.2d 617, 618 (Fla. 1st DCA 1976), citing Mills v. Beims, 132 So.2d 228 (Fla. 2d DCA 1961). When a decree which is otherwise final contains a clause purporting to reserve jurisdiction for the purpose of entering other orders that may be proper, this does not in and of itself destroy the finality of the decree. See 3 Fla.Jur.2d, Appellate Review s. 56.
In this case, the final order sets forth with specificity the information Devonwood and Prime Orlando must furnish to the Division, the time period for compliance, and the maximum amount of the civil penalty the Division proposed to assess. The only factor left open was the actual amount of the penalty  which was to be determined with reference to the extent of the appellants' respective compliance with the terms of the final order. We find the order to be final in terms of its compliance with the provisions of Section 120.59, Florida Statutes, despite this decision to reserve a final determination whether to assess or not to assess a civil penalty based upon the extent of compliance with its final order. We, therefore, affirm, albeit with some misgiving concerning the "finality" of the order.
Accordingly, the order is affirmed.
BOOTH, C.J., and ZEHMER, J., concur.
NOTES
[1] Fla.R.Civ.P. 1.080(b), provides:

(b) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (1) handling it to the attorney or to the party or (2) leaving it at his office with his clerk or other person in charge thereof or (3) if there is no one in charge, leaving it in a conspicuous place therein or (4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above 15 years of age and informing such person of the contents. Service by mail shall be complete upon mailing.
[2] See, for example, Waite v. Wellington Boats, Inc., 459 So.2d 431, 432 (Fla. 1st DCA 1984); Reizen v. Florida National Bank at Gainesville, 237 So.2d 30, 32 (Fla. 1st DCA 1970).