565 So.2d 845 (1990)
Rory Wayne POWELL, Petitioner,
v.
Hon. John W. WATSON, III, Circuit Court Judge, Volusia County, Florida, Respondent.
No. 90-1182.
District Court of Appeal of Florida, Fifth District.
August 9, 1990.
Rory Wayne Powell, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
PETERSON, Judge.
Rory Wayne Powell filed his "Petition for Writ of Habeas Corpus Ad Subjiciendum or in the Alternative for Writ of Mandamus" for the purpose of requiring the trial judge to dispose of his 3.850 motion. The appendix attached to his petition establishes the following chronology:
November 17, 1989 Trial court's order directing the state to respond to 3.850 motion.
December 4, 1989 Letter from Powell requesting the court to set a time limit for the state to respond.
December 12, 1989 Order establishing 30-day period for state's response.
January 8, 1990 State's motion, because of personnel changes and a re-creation of the lost file, for extension of time to respond to Powell's 15-page motion, to review the voluminous transcript, and to meet with Powell's trial counsel.
January 12, 1990 Order extending state's response time to February 12, 1990.
February 19, 1990 Powell's motion for leave to file a reply to state's response.
March 14, 1990 Letter to trial court from Powell requesting action on his motion for leave to file a reply.
April 2, 1990 Letter from Powell to trial judge similar to letter of March 14, 1990.

*846 May 10, 1990 Order allowing Powell's reply.
May 23, 1990 Powell's motion to vacate May 10, 1990, order allowing response.
June 8, 1990 Powell files petition with appellate court, seeking writ of habeas corpus or writ of mandamus.
This court issued its order to show cause, and the attorney general responded by stating that the trial judge was aware of the matter and planned to resolve it soon.
The record before us does not indicate when the various pleadings, motions, and letters were received by the trial court although dates appear on them that presumably are dates of authorship or mailing. Our review of the documents and pleadings before us does not show that the trial court is ignoring or is unresponsive to Powell's correspondence and motions. In fact, Powell's motion to allow his response and then his motion to vacate the order issued pursuant to it probably expanded the time of consideration.
While the trial court is required to act promptly under Rule 3.850, immediate response is not required. Many times, documents filed with the clerk of the circuit court simply are docketed and placed in the court file until the court's attention is drawn to the matter because a hearing is set, because a proposed order is supplied, or through the trial court's monthly review of pending cases. The first two actions usually are effective to bring the matter to the court's attention. Delays usually do not occur when petitioners have attorneys to see that cases proceed through the court system. When litigants act in their own behalf, however, the element of trained advocacy is missing. Delays then occur when cases are placed in the clerk's shelves and no one realizes some action must be taken. When the case comes to the attention of the court by motion or letter, as in this case, the trial judge acts on it and forwards the file to the clerk's office until it comes to the fore again by action or correspondence or by the court's periodic caseload management.
The increasing caseloads upon trial judges require that litigants exercise responsibility to bring matters before the trial judge. While it is the trial court's responsibility to manage cases pursuant to the rules of judicial administration, this responsibility does not require that the judge keep a daily accounting of the progress of each case, nor to advise a litigant on how to proceed with a case. In fact, judges are prohibited from rendering legal advice.
Powell's last motion, to vacate a previous order, was dated May 23, 1990. We do not know when the motion appeared before the trial court; perhaps it was dormant in the court file until this appeal was filed. In any event, filing the instant petitions on June 8, 1990, after requesting the vacating of an order by motion bearing the date May 23, 1990, does not show sufficient cause to grant the petitions at this time. We do retain jurisdiction and will stay this matter for a period of 30 days, after the expiration of which Powell may request that we reconsider his petitions.
DANIEL, C.J., and W. SHARP, J., concur.