762 So.2d 1037 (2000)
Daniel C. MEDBERRY, Petitioner,
v.
CIRCUIT COURT FOR BREVARD COUNTY, Florida, Respondent.
No. 5D00-1565.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
*1038 Daniel C. Medberry, Raiford, pro se.
No Appearance for Respondent.
W. SHARP, J.
Medberry petitions this court for a writ of mandamus to compel respondent, Circuit Court of Brevard County, to act upon his case. In 1998, Medberry filed a complaint for writ of replevin against McClure and the Bible Truth Church to recover possession of six boxes of religious books and publications. Discovery progressed. Medberry alleges that on February 3, 1999, he served a motion to compel better answers to interrogatories from the defendants. Nothing has transpired since that date, and Medberry now asks this court to order the circuit court to act on his motion.
We decline to do so at this point. In Powell v. Watson, 565 So.2d 845 (Fla. 5th DCA 1990), we noted that a document filed with a court clerk may be simply placed in a court file and the court's attention not drawn to it, until a hearing is scheduled, a proposed order is supplied, or the court undertakes a review of pending actions in general. A petitioner seeking to compel action on the part of a judge or public official must first make an express, distinct demand for performance to that person or court, before we shall consider the remedy of mandamus. See Florida Pharmacy Ass'n, Inc. v. Strong, 604 So.2d 529 (Fla. 1st DCA 1992). The fact that Medberry is currently incarcerated in Union Correctional Facility does not excuse his duty to first apply to the circuit court for a ruling before approaching this court.
Our denial of Medberry's petition for writ of mandamus is without prejudice to file a new petition should the circuit court fail to act within a reasonable time after petitioner brings the pending motion to the court's attention.
Petition for Writ of Mandamus DENIED.
THOMPSON, C.J., and HARRIS, J., concur.