771 So.2d 1232 (2000)
Roy SMARTT, Petitioner,
v.
FIRST UNION NATIONAL BANK, et al., Respondent.
No. 5D00-2345.
District Court of Appeal of Florida, Fifth District.
November 3, 2000.
Rehearing Denied December 1, 2000.
Roy L. Smartt, Deland, pro se, for Petitioner.
Virginia B. Townes of Akerman, Senterfitt & Eidson, P.A., Orlando, for Respondent.
PETERSON, J.
Roy Smartt seeks mandamus to require a circuit court judge to rule on his opponent's motion to dismiss Smartt's complaint in a civil action. Smartt alleges that he filed a motion for a hearing on July 11, 2000, but the trial court has not responded in any manner.
In Medberry v. Circuit Court for Brevard County, 762 So.2d 1037 (Fla. 5th DCA 2000), we held that a petitioner seeking to compel action on the part of a judge must first make an express distinct demand for performance before mandamus will be considered. A document filed with the clerk of the court may merely be placed in the court file, with the file returned to storage and not forwarded to a judge for action. See id. at 1038 (citing Powell v. Watson, 565 So.2d 845 (Fla. 5th DCA 1990)).
Most documents or pleadings filed in the clerk's office are merely stepping stones to a hearing or trial and do not require immediate action by the assigned judge. The clerk does not normally review and interpret each and every filing to determine whether a court file needs to be forwarded to a judge for action. Normally, litigants schedule an appointment for a hearing with a judge's judicial assistant in order to bring a matter to the attention of the judge and to give notice of the hearing to all other interested litigants. We acknowledge that there are variations to this traditional manner of handling matters before the trial court. The variations are either explained by local court rules or by local custom and are easily determined by discussion *1233 with the judge's judicial assistant. If the litigant does not know to which judge the case has been assigned, the clerk of court can assist with that information.
Delays are more likely to occur when parties proceed pro se and litigants have the responsibility of bringing matters to the attention of the assigned judge. See Powell, 565 So.2d at 846. Smartt must fulfill that responsibility and only after having done so will we entertain a petition for mandamus if a ruling is not rendered in a reasonable time. Meanwhile, we deny the petition without prejudice.
PETITION DENIED WITHOUT PREJUDICE.
COBB and W. SHARP, JJ., concur.