PER CURIAM.
Michael Longmeier petitions this court to issue a writ of mandamus. According to petitioner, the trial court is refusing to enforce the child visitation provisions of a judgment of dissolution of marriage which has not been modified.
The circuit court issued an order on November 9, 2004, which allowed the child to select counseling over visits with petitioner, his father. Other claims for relief by the father were deferred to a later date. A party seeking a writ of mandamus must show that no other legal remedy exists. Park v. Dugger, 548 So.2d 1167 (Fla. 1st DCA 1989); Hall v. Key, 476 So.2d 787 (Fla. 1st DCA 1985). If the November 9 order was appealable, Longmeier waived his right to relief by failing to appeal it. If it was not appealable because of reservation of jurisdiction by the trial court over certain issues (and we find it unnecessary to resolve the appealability of the November 9 order at this time), then petitioner will have an adequate legal remedy when an appealable order is rendered and he appeals it. We do not treat the instant petition as seeking rendition by the trial court of an appealable order because there is no showing by petitioner that a distinct demand was made to the trial court for issuance of such an order. See Medberry v. Circuit Court for Brevard County, 762 So.2d 1037 (Fla. 5th DCA 2000).
PETITION DENIED.
WEBSTER, PADOVANO and HAWKES, JJ., concur.