WARNER, J.
In January 2005, in the trial court, petitioner Clark filed a motion entitled “Defendant’s Motion for Expedient Relief from Judgment Entered upon Defendant for an Uncharged Crime.” He files a petition for writ of mandamus in this court because he has not received a ruling on the motion. However, he has failed to show that he made any effort to bring this motion to the attention of the trial judge earlier than May 5, 2005, when he filed a “Motion to Rule.”
As was noted in Smartt v. First Union National Bank, 771 So.2d 1232 (Fla. 5th DCA 2000):
Most documents or pleadings filed in the clerk’s office are merely stepping stones to a hearing or trial and do not require immediate action by the assigned judge. The clerk does not normally review and interpret each and every filing to determine whether a court file needs to be forwarded to a judge for action. Normally, litigants schedule an appointment for a hearing with a judge’s judicial assistant in order to bring a matter to the attention of the judge and to give notice of the hearing to all other interested litigants. We acknowledge that there are variations to this traditional manner of handling matters before the trial court. The variations are either explained by local court rules or by local custom and are easily determined by discussion with the judge’s judicial assistant. If the litigant does not know to which judge the case has been assigned, the clerk of court can assist with that information.
771 So.2d at 1232-33. Even where the litigant is pro se and a prisoner, he or she must take some responsibility to bring the matter to the attention of the trial judge. See, e.g., Powell v. Watson, 565 So.2d 845 (Fla. 5th DCA 1990). In Powell, 565 So.2d at 846, the court explained:
The increasing caseloads upon trial judges require that litigants exercise responsibility to bring matters before the trial judge. While it is the trial court’s responsibility to manage cases pursuant to the rules of judicial administration, this responsibility does not require that the judge keep a daily accounting of the progress of each case, nor to advise a litigant on how to proceed with a case. In fact, judges are prohibited from rendering legal advice.
In the case of motions for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850, the clerk is required to forward the file and motion to the judge. Fla. R.Crim. P. 3.850(d). The motion that the petitioner filed appears to be such a motion. If petitioner had properly designated it as a rule 3.850 motion, then the clerk would have sent it to the judge, and mandamus relief may be appro *599 priate. We cannot expect, however, for the clerk’s office to be responsible for determining whether a motion not designated as a rule 3.850 motion is in fact one.
Although petitioner filed a “Motion to Rule” on May 5, 2005, this too may have simply been filed in the clerk’s office and not brought to the judge’s attention. Even if it was brought to the attention of the judge, less than 60 days has passed, and petitioner has not shown any unreasonable delay in ruling on the motion.
While the prisoner’s ability to contact the trial court directly is limited, a letter to the judge requesting a hearing or merely sending a copy of the motion to the judge may very well bring the matter to the court’s attention. Merely filing the paper in the clerk’s office does not.
We therefore deny the petition without prejudice to petitioner filing another petition after he has fulfilled his responsibility of bringing the matter to the attention of the assigned judge.
FARMER and KLEIN, JJ., concur.