PER CURIAM.
The Judge of Compensation Claims (JCC) granted a motion to dismiss the claim of David Hernandez for workers’ compensation benefits. An appeal was taken to this court but the appeal was dismissed because the order merely granted a motion and was not a final, appealable order. Hernandez v. Denny’s Rest, 896 So.2d 794 (Fla. 1st DCA 2005). Hernandez petitions this court for a writ of mandamus to compel the JCC to enter a final order. Petitioner explains that he filed a “Motion for Express and Specific Demand for Performance” with the Office of the JCC but no further activity has taken place.
A petitioner seeking to compel a public official to act must first make an express and distinct demand for performance of that act. Allen v. Young, 824 So.2d 970 (Fla. 1st DCA 2002); Al-Hakim v. State, 783 So.2d 293 (Fla. 5th DCA 2001). Although Hernandez has filed a motion requesting entry of a final order, he does not show that the motion has been called up for hearing and we must therefore deny the petition on authority of Smartt v. First Union National Bank, *447 771 So.2d 1232 (Fla. 5th DCA 2000). Petitioner is now confined to a correctional institution and he must likely make arrangements with Department of Corrections officials and the Office of the JCC to appear telephonically and obtain a ruling on his motion. See Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991).
PETITION FOR WRIT OF MANDAMUS DENIED.
BARFIELD, BROWNING and THOMAS, JJ., concur.