974 So.2d 1110 (2007)
Glenn SMITH and Douglas Gilding, Appellants,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D06-4803.
District Court of Appeal of Florida, First District.
December 31, 2007.
Rehearing Denied February 18, 2008.
*1111 Glenn Smith and Douglas Gilding, pro se, Appellants.
Kathleen Von Hoene, General Counsel of the Florida Department of Corrections; and Bill McCollum, Attorney General, and Sherry Anita Toothman, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellants challenge an order by which their complaint was dismissed, upon their failure to comply with filing fee requirements under section 57.085, Florida Statutes. The appellants are prison inmates who joined together in a single action contesting Department of Corrections rules regarding prison mail. Both appellants sought a declaratory judgment, and one of them also raised an issue regarding a prison disciplinary matter. However, only one of the appellants submitted the necessary information under section 57.085 for the deferral of prepayment as to the filing fee and costs, while asserting that only that one appellant should be held responsible for the filing fee and costs in connection with the joint action. The circuit court rejected that assertion, and ruled that the appellants could not maintain their joint action as this approach would subvert the legislative intent underlying section 57.085.
In Schmidt v. McDonough, 951 So.2d 797 (Fla.2006), the supreme court established that when a prison inmate files a civil action combining a claim which is subject to the section 57.085 procedure with a claim for which prepayment of the filing fee might be waived under section 57.081, Florida Statutes, the entire action is subject to section 57.085 without a prepayment waiver under section 57.081, Florida Statutes. The court indicated that to exempt such a "mixed" action from section 57.085 would undermine the statutory purpose and invite the filing of frivolous piggy-backed claims. The reasoning in Schmidt likewise applies in the present case, where the appellants are attempting to combine their individual claims in a way which would partly avoid the section 57.085 requirements and allow one of the appellants to pursue claims without being subject to either section 57.081 or section 57.085. The circuit court thus properly ruled that this type of mixed action cannot be maintained in the manner it was presented by the appellants, as they must both be subject to the section 57.085 procedure.
The appellants question the constitutionality of section 57.085, and suggest that it violates their right of access to the courts. However, the supreme court has recognized that the legislature may address the prepayment of fees and costs as *1112 provided in section 57.085. See Jackson v. Florida Dep't of Corrections, 790 So.2d 381 (Fla.2000). And because this statute is consistent with the permissible legislative goal expressed therein, and does not significantly impede access to the courts, it comports with the constitutional right of access. See, e.g., Henderson v. Crosby, 883 So.2d 847 (Fla. 1st DCA 2004).
The appealed order is therefore affirmed.
WEBSTER, J., concurs.
BENTON, J., concurs in judgment with opinion.
BENTON, J., concurring in the judgment.
In their complaint (styled "Petition for Declaratory Judgement/Complaint for Writ of Mandamus"), appellants sought a judgment invalidating certain rules of the Department of Corrections as well as judicial review of the disciplinary proceedings that had led to a loss of gain-time for Mr. Gilding. Appellants' "piggy-backed" declaratory judgment claim made their complaint "mixed," and thus made them "subject to the prepayment and lien requirements of the prisoner indigency statute." Schmidt v. McDonough, 951 So.2d 797, 803 (Fla.2006). Our supreme court has rejected the proposition "that a `mixed' petition  a petition where a civil claim is piggy-backed onto a gain time claim  is exempt from the prepayment and lien requirements of the prisoner indigency statute [as] . . . lack[ing] merit." Id. at 802.
Appellants now contend, inter alia, that the fact that one of them documented his indigency in compliance with the prisoner indigency statute permits them both to proceed in forma pauperis under the statute, even though one of them did not comply with statutory requirements. The statute offers no support for this unlikely argument. Instead, it provides:
(2) When a prisoner who is intervening in or initiating a judicial proceeding seeks to defer the prepayment of court costs and fees because of indigence, the prisoner must file an affidavit of indigence with the appropriate clerk of the court. . . .
(3) Before a prisoner may receive a deferral of prepayment of any court costs and fees for an action brought under this section, the clerk of court must review the affidavit and determine the prisoner to be indigent.
§ 57.085, Fla. Stat. (2007). Because each appellant sought to initiate a judicial proceeding by filing the joint complaint for declaratory judgment and each sought to defer the prepayment of court costs and fees, the statute applies to each. Every "prisoner who is . . . initiating a judicial proceeding [who] seeks to defer the prepayment of court costs and fees because of indigence," § 57.085(2), Fla. Stat. (2007), must comply with statutory requirements.