WETHERELL, J.
Appellant seeks review of a “final order” terminating her scholarship under the Road-to-Independence (RTI) Program in section 409.1451(5)(b), Florida Statutes. We conclude that the order is not final agency action for purposes of judicial review because it was entered by a Department of Children and Families (Department) hearing officer, not the secretary of the Department. Accordingly, we dismiss this appeal for lack of jurisdiction.
In November 2009, the Department notified Appellant of its intent to terminate her RTI scholarship because she had not attended school full time or made satisfactory progress during the preceding year. The notice informed Appellant of her right to request a “fair hearing” to contest the Department’s decision. Appellant requested a hearing, and the matter was referred to a Department hearing officer, who conducted an evidentiary hearing.
In April 2010, the hearing officer entered an order affirming the Department’s decision to terminate Appellant’s RTI scholarship. The order was denominated as a “final order” and included a “notice of right to appeal” informing Appellant of her right to seek judicial review of the decision by filing a notice of appeal with the clerk of the Department and a copy with the appropriate District Court of Appeal. Appellant thereafter timely filed a notice of appeal seeking review Of the hearing officer’s order in this court.
We are required to examine our jurisdiction in every case even if, as here, the issue was not raised by the parties and the parties agree that we have jurisdiction. See Polk County, v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (“[T]he fact that the parties stipulated to the district court’s jurisdiction has no bearing on whether, in fact, such jurisdiction existed.”); see also Philip J. Padovano, Fla. Appellate Practice, § 1.5 (2011 ed.) (“The appellate court has an independent duty to determine the existence of jurisdiction in every case and to dismiss a case that is not within its jurisdiction.”). The fact that the jurisdictional issue may not have been considered in prior cases has no impact on our consideration of the issue in this case. And, in any event, the prior cases referenced by the parties provide no support for the proposition that the hearing officer’s decision in an RTI case is final agency action subject to judicial review.[1]
Article V, section 4(b)(2), of the Florida Constitution provides the district courts of appeal jurisdiction to review administrative action “as prescribed by general law.” The Legislature implemented this provision through section 120.68, Florida Statutes, which provides for judicial review of “final agency action” in the dis- *871 triet court of appeal where the agency maintains its headquarters or where the party resides. § 120.68(1), (2)(a), Fla. Stat.; see also Hill v. Div. of Ret., 687 So.2d 1876, 1377 (Fla. 1st DCA 1997) (explaining that judicial review of final agency action is a matter of right and that the finality of agency action “depends upon whether it has brought the administrative process to a close”). Thus, the jurisdictional question in this case boils down to whether the hearing officer’s “final order” brought the administrative process to a close and constitutes final agency action. We conclude that it does not, based upon the plain language of section 409.1451(5)(e)2., Florida Statutes.
Section 409.1451(5) establishes several programs to provide services to young adults formerly in foster care, including the RTI Program described in paragraph (5)(b). Section 409.1451(5)(e)l requires the Department to establish by rule the procedure for the young adult to challenge a decision of the Department concerning eligibility or termination of services under the RTI Program. Section 409.1451(5)(e)2 provides that the procedure “must be readily available to young adults, must provide timely decisions, and must provide an appeal to the Secretary of Children and Family Services ” (emphasis added). The statute also expressly states that “[t]he decision of the secretary constitutes final agency action and is reviewable by the court as provided in s. 120.68.” § 409.1451(5)(e)2., Fla. Stat.
The rules adopted by the Department to implement section 409.1451(5)(e) include procedures for a “fair hearing” conducted by a Department hearing officer. See Fla. Admin. Code R. 65C-31.009(10)-(16); see also Fla. Admin. Code R. 65C-31.001(8) (defining “fair hearing” as “the appeals process federally mandated for the title IV-E independent living program by 45 C.F.R. § 1356.10 and 45 C.F.R. § 1355.30” and noting that “[t]he Department of Children and Family Services has already incorporated this appeals process, in Chapter 65-2, F.A.C., for other federal public assistance programs”). These rules do not provide for an appeal of the hearing officer’s decision to the secretary of the Department, and other Department rules provide that the hearing officer’s decision is a final order subject to judicial review. See Fla. Admim Code R. 65-2.066(1), (7).
In response to our order to show cause on jurisdiction, Appellant contends that the hearing officer’s decision is final for purposes of judicial review because the rules adopted by the Department to implement the RTI Program incorporate the “fair hearing” process authorized by section 409.285(2), Florida Statutes, pursuant to which the hearing officer’s decision is the “final administrative decision in the name of the department.” Similarly, the Department contends that the benefits provided under the RTI Program are public assistance benefits and, thus, subject only to the “fair hearing” process established by the Department pursuant to federal regulations. We cannot agree with these arguments.
Although the' Department’s rules and section 409.285(2) may contemplate the hearing officer making the final decision in other public assistance cases, section 409.1451(5)(e)2 specifically requires a procedure for challenging the Department’s decision in RTI cases that includes an appeal to the secretary of the Department. Thus, by statute, the administrative process in RTI cases is not complete until the secretary issues his or her decision.
Additionally, section 409.1451(5)(e)2 expressly provides that it is the secretary’s decision that is the final agency action subject to judicial review. To the extent that the Department rules purport to make the hearing officer’s decision final *872 agency action in RTI cases, the rules conflict with and must give way to the statute. See Willette v. Air Prods., 700.So.2d 397, 399 (Fla. 1st DCA 1997) (explaining that “a duly promulgated administrative rule, although presumptively valid until invalidated in a section 120.56 rule challenge ..., must give way in judicial proceedings to any contradictory statute that applies”) (internal citations and quotations omitted).
We agree with the Department that there is nothing in section 409.1451(5)(e) that requires hearings under the RTI Program to be conducted in accordance with sections 120.569 and 120.57(1), Florida Statutes. And we see no reason why the “fair hearing” system could not be utilized in RTI cases. But section 409.1451(5)(e)2 clearly requires some type of review of the hearing officer’s decision by the secretary of the Department, and it is the secretary’s decision that is the final agency action subject to judicial review. .
In sum, based upon the plain language of section 409.1451(5)(e)2, the “final order” entered by the hearing officer is not final agency action and, thus, we lack jurisdiction to consider Appellant’s appeal of that order.[2] Accordingly, we dismiss this appeal without prejudice to an appeal of a final order entered in this case by the secretary of the Department. •
DISMISSED.
WOLF and HAWKES, JJ., concur.

. The first case cited by Appellant was a per curiam affirmance that has no precedential value even if it involved the RTI Program, which cannot be determined from the opinion. Pedro v. Dep't of Children & Families, 961 So.2d 940 (Fla. 1st DCA 2007) (table). The second case cited by Appellant suggests that the appeal procedure contemplated by section 409.1451(5)(e)2., Florida Statutes, was followed in that case because the opinion states that the appeal was from a final order of the Department "confirming a Hearing Officer's termination of [RTI] benefits.” Roman v. Dep’t of Children & Families, 6 So.3d 698 (Fla. 3d DCA 2009). The case cited by the Department, Russell v. Agency for Persons with Disabilities, 929 So.2d 601 (Fla. 1st DCA 2006), did not involve the RTI Program; it involved a crisis determination under the Medicaid waiver program for the developmentally disabled, and it predated our decision in J.M. v. Agency for Persons with Disabilities, 938 So.2d 535 (Fla. 1st DCA 2006), where we held that hearings concerning benefits under the waiver program were not subject to the "fair hearing” system based upon the more specific language in the statute governing the waiver program.

. In accordance with Florida Rule of Appellate Procedure 9.040(c), we have considered treating the notice of appeal as a petition for review of non-final agency action under section 120.68(1). Such review is not warranted, however, because any injury caused by the hearing officer’s order can be remedied on appeal of the decision issued by the Department secretary in accordance with section 409.1451(5)(e)2. See Fla. Power & Light Co. v. Fla. Pub. Sens. Comm’n, 31 So.3d 860, 863 (Fla. 1st DCA 2010) (explaining that review of non-final agency action under section 120.68(1) is limited to orders that "depart from the essential requirements of law and cause material injury that cannot be remedied on appeal”).