# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3701
_____

DAVID CHARLES SUSSMAN,

Appellant,

v.

DEPARTMENT OF CORRECTIONS,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

October 18, 2018

PER CURIAM.

Appellant, David Charles Sussman, appeals the dismissal of his pleading titled "Petition for Writ of Mandamus; 42 U.S.C. § 1983 Civil Rights Complaint; and F.S. 768.28 Tort Complaint," in which he sought the reversal of his disciplinary report and return of lost gain time as to Claims 1 and 2 and $10,000 in nominal and compensatory damages as to Claims 3 through 7. The trial court dismissed the pleading without prejudice because of Appellant's failure to comply with its prior Order on Indigence Status, wherein it declined to adjudicate him indigent under section 57.085, Florida Statutes, and warned that he had thirty days to pay the filing fees or the matter would be dismissed without prejudice.

On appeal, Appellant argues that dismissal was improper because section 57.085, Florida Statutes (2017), does not apply to his collateral criminal claims. Appellant's argument is without merit because, as he recognizes, his pleading is a mixed claim petition, and mixed petitions are not exempt from section 57.085. *See Schmidt v. McDonough*, 951 So. 2d 797, 802-03 (Fla. 2006) (concluding that "because the underlying mandamus petition in this case is a 'mixed' petition, containing both a gain time claim and a civil claim, the petition itself is subject to the prepayment and lien requirements of the prisoner indigency statute"); *see also Thomas v. Dep't of Corr.*, 159 So. 3d 291, 292 (Fla. 1st DCA 2015) (finding that the appellant's mandamus petition challenging his inability to earn gain time and loss of eligibility for a work release program was a mixed petition subject to section 57.085).

Appellant's second argument that the dismissal of his civil claims pursuant to section 57.085 violates treaties the United States has entered because it imposes on him an obligation to pay based solely on his status as a prisoner is likewise without merit. *See Smith v. Fla. Dep't of Corr.*, 974 So. 2d 1110, 1111-12 (Fla. 1st DCA 2007) ("The appellants question the constitutionality of section 57.085, and suggest that it violates their right of access to the courts. However, the supreme court has recognized that the legislature may address the prepayment of fees and costs as provided in section 57.085. *See Jackson v. Florida Dep't of Corrections,* 790 So.2d 381 (Fla. 2000).").

Accordingly, we affirm. Appellant is cautioned that abusive, repetitive, malicious, or frivolous filings will result in sanctions such as a bar on pro se filing in this court or referral to prison officials for disciplinary proceedings, which may include forfeiture of gain time. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999); *see also* § 944.279(1), Fla. Stat. (2017).

AFFIRMED.

WOLF, LEWIS, and ROWE, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David Charles Sussman, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Brett Coleman, Assistant Attorney General, Tallahassee, for Appellee.