NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL RAMEIL PATTERSON,          )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D18-1824
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____    )

Opinion filed February 1, 2019.

Appeal from the Circuit Court for Pinellas
County; Anthony Rondolino, Judge.

Michael Rameil Patterson, pro se.

Ashley Brooke Moody, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.


          Michael Rameil Patterson, pro se, challenges an order summarily denying

his motion seeking documents and transcripts in trial court cases 14-03395 and 14-

03396. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the order

without prejudice to Mr. Patterson's right to seek the requested transcripts from his

former public defender. Mr. Patterson has failed to show that he is entitled to free

copies of the other documents.

## Background

A jury convicted Mr. Patterson of burglary and possession of burglary tools. The trial court sentenced him to state prison. We per curiam affirmed Mr. Patterson's judgment and sentences on direct appeal. Patterson v. State, 224 So. 3d 223 (Fla. 2d DCA 2017) (No. 2D16-822).

Afterwards, and for both cases, Mr. Patterson sent a letter to the Pinellas County Clerk of Court requesting copies of (1) the notices of written not guilty pleas, (2) his letter to the clerk requesting a speedy trial, and (3) the notice waiving speedy trial. Mr. Patterson also requested copies of the transcripts of his arraignments and hearings on his motions to dismiss counsel. When the Clerk informed Mr. Patterson that he would have to pay for the materials, he filed a motion, asking the postconviction court to order the Clerk and the Department of Digital Records to provide him with free copies because he was indigent. The postconviction court denied the motion and Mr. Patterson appealed.

## Analysis

Mr. Patterson argues that the postconviction court erroneously denied his motion because, as an indigent, he is entitled to free copies of the materials and transcripts.[1] He also asserts, for the first time on appeal, that he unsuccessfully

_____

[1]Mr. Patterson states in his initial brief that he wants the documents pursuant to section 940.04, Florida Statutes (2018). This argument is not cognizable on appeal because Mr. Patterson never mentioned section 940.04 in the postconviction court. See Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982) ("[F]or an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."). Moreover, section 940.04 is not applicable because Mr. Patterson is not an applicant for executive clemency and is not seeking certified copies of his information, indictment, judgment, or sentence. See § 940.04 (providing that any applicant for executive clemency is entitled to certified copies of the

requested the materials from the public defender's office.  Mr. Patterson wants us to order "the State or public defender offices to provide [him] with the records that are needed."

Initially, we observe that the postconviction court should have treated Mr. Patterson's motion as a petition for writ of mandamus.  See Harrell v. State, 963 So. 2d 359, 360 (Fla. 2d DCA 2007) ("Although the postconviction court correctly denied the motion to compel, it should have treated the motion as a petition for writ of mandamus and determined whether it was facially sufficient or if more particularity was required." (footnote omitted)).

Nevertheless, the postconviction court correctly denied the motion because Mr. Patterson is not entitled to free copies of the materials for postconviction purposes.  See Roesch v. State, 633 So. 2d 1, 2 (Fla. 1993) ("We know of no court which has ever ordered that indigent inmates be furnished public records free of charge."); Johnson v. State, 836 So. 2d 1103, 1103 (Fla. 2d DCA 2003).

Mr. Patterson may receive free "copies of any transcripts that were prepared at government expense for his direct appeal and that are in the possession of his former public defender."  See Johnson, 836 So. 2d at 1103.  However, as far as we can tell, Mr. Patterson never advised the postconviction court of any requests to his former public defender.  We, of course, lack jurisdiction to compel an official act raised for the first time on appeal.  See Bennett v. Clerk of Circuit Court Citrus Cty., 150 So. 3d 277, 279 (Fla. 5th DCA 2014) ("Finally, '[a] litigant who seeks action from the trial court clerk to provide documents or accept filings cannot start with mandamus at the

applicant's information, indictment, judgment, or sentence, free of charge by the clerk of court).

- 3 -

appellate court.  He must seek relief in the trial court first.' " (alteration in original) (quoting <u>Leichty v. Clerk of Circuit Court, Lake Cnty.</u>, 948 So. 2d 47, 48 (Fla. 5th DCA 2007))); <u>Hernandez v. Denny's Rest. & Claims Ctr.</u>, 926 So. 2d 446, 446 (Fla. 1st DCA 2006) ("A petitioner seeking to compel a public official to act must first make an express and distinct demand for performance of that act.").  Accordingly, we affirm without prejudice to Mr. Patterson's right to seek the transcripts from his former public defender.[2]  <u>See</u> <u>Johnson</u>, 836 So. 2d at 1103.

Affirmed.

NORTHCUTT and KHOUZAM, JJ., Concur.

---

[2]Our review of the record in Mr. Patterson's direct appeal does not reflect that the requested transcripts were ever prepared and filed with this court.