# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0363
_____

WILLIAM BROWNING,

Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

August 20, 2025


PER CURIAM.

Appellant appeals the trial court's dismissal of his petition for writ of mandamus. The trial court dismissed the petition due to Appellant's failure to comply with the order directing him to timely file his affidavit of indigency along with a copy of the previous six months' statements of his Department of Corrections inmate trust account. *See* § 57.085(2), Fla. Stat. (2023). We affirm.

Appellant's petition in the trial court sought to compel the Department to compensate him or replace personal property lost in a search of his prison cell during his absence. The petition initiated a civil action, not a collateral criminal proceeding. *See* § 57.085(10), Fla. Stat. (exempting any "criminal proceeding or

collateral criminal proceeding" from section 57.085). Thus, Appellant was subject to the requirements of section 57.085(2) if he sought to proceed without prepayment of the filing fee he otherwise owed under section 28.241(1), Florida Statutes.

Before the trial court, Appellant never disputed that he failed to meet the court's deadline for filing the documents required by section 57.085(2). Instead, he argued that he was not subject to the statute. The trial court correctly rejected this argument and dismissed the action.

The order dismissed the case without prejudice, but also without granting leave to amend. The Clerk of Court was also directed in the order to close the file. Thereafter, Appellant filed an unsworn document titled "Indigency Status." The trial court construed that document as a motion for rehearing, denied rehearing, and again directed the Clerk to close the file. Appellant then filed a petition for rehearing along with affidavit of indigency. The trial court struck both those filings noting that, "A final order was rendered in this matter on January 5, 2024." The trial court also emphatically ordered, "THE CLERK IS INSTRUCTED TO CLOSE THIS CASE AND ACCEPT NO FURTHER FILINGS." Appellant then filed his notice of appeal, which was timely filed within 30 days of the order denying rehearing. *See* Fla. R. App. P. 9.110(b).[*]

---

[*] The dissent contends that we lack jurisdiction over the appeal arguing that the order was a nonfinal, nonappealable order because the dismissal was without prejudice. The meaning of a dismissal without prejudice can be ambiguous and can mean either without prejudice to amend the initial pleading or that the dismissal is not a disposition on the merits such that res judicata precludes a future action. *See Carlton v. Wal-Mart Stores, Inc.,* 621 So. 2d 451, 452 (Fla. 1st DCA 1993). But "[a] dismissal need not be with prejudice to be a final order for appeal purposes." *Adams v. Dixon,* 409 So. 3d 197, 198 (Fla. 1st DCA 2025) (quoting *James v. Crews,* 132 So. 3d 896, 897 (Fla. 1st DCA 2014)). Although the order dismissed the petition without prejudice, judicial labor came to an end with the order, making it a final, appealable order. *See Prime Orlando Properties, Inc. v. Dep't of*

After the trial court denied rehearing of the order dismissing the action, Appellant filed the required documents. But at this point in the litigation, the trial court had lost jurisdiction over the case. *See Porter v. Chronister*, 295 So. 3d 310, 312 (Fla. 2d DCA 2020) (noting that a trial court loses jurisdiction over a cause after denial of rehearing of the final order).

On appeal, Appellant raises for the first time his claim that his failure to meet the deadline for filing his indigency documentation was the fault of the Department and not himself. Since this issue was not raised in the trial proceedings, we cannot consider it. *See Patterson v. State*, 264 So. 3d 315, 317 (Fla. 2d DCA 2019).

Appellant fails to demonstrate reversible error in the trial court's order dismissing his action for mandamus relief. The order on appeal is thus AFFIRMED.

LEWIS and BILBREY, JJ., concur; ROWE, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

*Bus. Regul., Div. of Land Sales, Condo. & Mobile Homes*, 502 So. 2d 456, 459 (Fla. 1st DCA 1986). "When leave to amend is not specified in the order, 'without prejudice' can indicate the trial court's intention to 'bring an end to the judicial labor in the action.'" *Franklin v. Bank of Am., N.A.*, 202 So. 3d 923, 926 (Fla. 1st DCA 2016). "The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order and whether a question remains open for judicial determination*." Prime Orlando Properties*, 502 So. 2d 456, 459. If the order dismissing the petition without prejudice left any doubt whether any judicial labor remained, the subsequent orders made it explicit that no further labor was expected or even allowed to occur in the case.

ROWE, J., dissenting.

I agree with the majority that Browning has not demonstrated entitlement to relief, but I would dismiss, rather than affirm. The trial court's order administratively dismissing Browning's petition for writ of mandamus was neither an appealable final order nor an appealable nonfinal order. And even if the court were to treat this appeal as a petition for writ of certiorari, Browning has not demonstrated entitlement to extraordinary relief.

The trial court dismissed Browning's mandamus petition—without prejudice—after Browning failed to file the prisoner trust account records required for him to qualify for indigency status and to proceed with his civil action while deferring prepayment of the filing fee required under section 28.241, Florida Statutes. *See* § 57.085(2), Fla. Stat. (2023). In the order of dismissal, the trial court also directed the clerk of court to "close this file."

I acknowledge that this court has exercised appellate jurisdiction in reviewing a similar order. *See Sussman v. Dep't of Corr.*, 257 So. 3d 604 (Fla. 1st DCA 2018). In *Sussman*, a prisoner appealed an order dismissing his mandamus petition without prejudice after the prisoner failed to comply with the trial court's order addressing his failure to file the required trust documents under section 57.085. *Id.* at 605. This court affirmed. But the opinion includes no discussion or analysis of the court's jurisdiction or whether the order appealed was (1) an appealable final order, (2) an appealable nonfinal order, or (3) reviewable by certiorari. *Id.*

I do so here, recognizing the court's independent duty "to examine our jurisdiction in every case." *Wade v. Fla. Dep't of Child. & Fams.*, 57 So. 3d 869, 870 (Fla. 1st DCA 2011). Article V, section 4(b)(1) of Florida's Constitution grants district courts of appeal appellate jurisdiction to hear appeals from final orders of trial courts and to review nonfinal orders "to the extent provided by rules adopted by the supreme court." The order dismissing Browning's petition was neither.

The order was not a final, appealable order because the trial court dismissed the petition without prejudice. *See Augustin v. Blount*, 573 So. 2d 104, 105 (Fla. 1st DCA 1991) (explaining that a "final order" dismissing a claim "without prejudice" is not final for

4

appellate purposes when it is clear that the order was intended to be "without prejudice to amend"); *Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007) ("An order that dismisses an action 'without prejudice' may or may not be a final order depending on whether it unequivocally disposes of the case."); *but see Franklin v. Bank of Am., N.A.*, 202 So. 3d 923, 926–27 (Fla. 1st DCA 2016) (holding that an order dismissing a civil action without prejudice was final when the order did not include the phrase "with leave to amend" and the time to move for rehearing and the time to appeal had expired).

Although the trial court directed the clerk of court to "close the file," nothing on the face of the order administratively dismissing the case prevents Browning from seeking leave to reopen the case to allow him to file the required trust account documents. Nor was Browning prevented from seeking a final order dismissing the petition with prejudice. *See Augustin*, 573 So. 2d at 105.

The order was not an appealable nonfinal order, either. Appellate jurisdiction to review nonfinal orders is limited to those orders specifically listed in Florida Rule of Appellate Procedure 9.130(a)(3). *See Jordan v. State*, 350 So. 3d 103, 105 (Fla. 1st DCA 2022) (declining to review the trial court's order denying a public defender's motion to withdraw when the order was not final and was not one of the nonfinal orders listed in rule 9.130); *Guglielmi v. Guglielmi*, 324 So. 3d 554, 556 (Fla. 1st DCA 2021) ("A district court has jurisdiction to review all final orders, but it has jurisdiction to review only those non-final orders as provided by rule."). A trial court's order administratively dismissing a mandamus petition for a prisoner's failure to comply with requirements of section 57.085 is not among the orders listed under the rule.

Last, even if this court were to treat Browning's appeal as a petition for writ of certiorari, the petition would be dismissed. Browning has identified no substantive right infringed by the trial court's order administratively dismissing his mandamus petition for failure to comply with the documentary requirements of section 57.085. Browning has not demonstrated that the trial court's order causes the kind of demonstrable, material and irreparable harm

required for the exercise of jurisdiction to entertain a petition for certiorari. *See Swift Response, LLC v. Routt*, 401 So. 3d 640, 648 (Fla. 1st DCA 2025); *Brown v. Campion*, 757 So. 2d 535, 536 (Fla. 1st DCA 2000) ("[A]n order denying a plaintiff's request to proceed as indigent in a civil case does not result in irreparable harm which cannot be remedied on appeal and is therefore not reviewable by a writ of certiorari.").

———————————————

William Browning, pro se, Appellant.

Dan Johnson, General Counsel, and Christine L. Wolfe, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Appellee.